CHUMMY FANTROY V. THE STATE.

No. 18932.   Delivered April 7, 1937.
Rehearing Denied (Without Written Opinion) May 12, 1937.

The opinion states the case.

*H. L. Williford*, of Fairfield, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

The proof on the part of the State was to the effect that in August, 1935, appellant sold three head of cattle belonging to E. V. Bigham. These cattle were loaded in a truck from the cow pen of Odie Whitley. According to the testimony of Jim Ashton, appellant hired him to haul the cattle to Dallas, and George Wilson drove the truck for him. In short, the

State's testimony was to the effect that neither Wilson nor Ashton participated in the theft of the cattle. Mr. Bigham testified to the effect that his cattle had been stolen from their accustomed range about August 6, 1935.

Appellant testified that Jim Ashton, Fount Bryant and Walter Bryant had told him prior to the theft that they were going to steal some cattle; that on the 6th of August, 1935, Fount Bryant advised him that the cattle had been penned and were ready to be loaded; that he (appellant) went to the cow pen of Odie Whitley; that Jim Ashton, Walter Bryant and Fount Bryant were at the pen; that they loaded the cattle and he (appellant), Jim Ashton and George Wilson hauled the cattle to Dallas; that Jim Ashton procured a buyer for said cattle; that he (appellant) received a check for approximately sixty-five dollars for three head of cattle; that after cashing the check he paid Jim Ashton twenty dollars; that thereafter he gave Fount and Walter Bryant fifteen dollars each; that he also gave Whitley some money. Appellant testified, further, that he was not present and did not participate in the taking of the cattle.

Walter and Fount Bryant denied that they had placed the cattle in Odie Whitley's cow pen. Moreover, they testified that they had not received any money from the sale of said cattle. In short, they disclaimed any connection with the theft. Odie Whitley also testified that he had no connection with the stealing of the cattle.

We are unable to agree with appellant's contention that the evidence is insufficient to support a conviction for theft.

Bill of exception No. 1 relates to the refusal of the trial court to permit appellant to introduce a witness who had sat in the courtroom and heard the witnesses testify. In view of the fact that the rule had been invoked, we think the trial court was warranted in declining to permit the witness to testify.

Appellant's affirmative defense appears to have been adequately submitted in the charge of the court.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.